107 F.3d 922
 323 U.S.App.D.C. 289
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
John A. ANDREWS, et al., Appellants,
v.
NATIONSBANK, N.A., as successor in interest to American
Security Bank, N.A., Appellee.
 No. 95-7290.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 10, 1996.
 
 Before SILBERMAN, SENTELLE, and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause was considered on the record from the United States District Court for the District of Columbia, and was briefed by counsel. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 36(b) (January 1, 1994). It is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the judgment of the district court appealed from in this case is hereby affirmed. Andrews entered into a Guaranty of Payment with the bank, in which he agreed that the bank could "in its sole and absolute discretion, without notice to or further assent of the Guarantors and without in any way releasing, affecting or impairing the obligations of the Guarantors" dispose of the collateral for the loan between Airail and NationsBank. Virginia common law does not contain a doctrine of good faith and fair dealing that overrides the express terms and conditions of this guaranty, which exemplifies the typical arrangement between guarantors and lenders. See Riggs National Bank of Washington, D.C. v. Linch, 36 F.3d 370, 373 (4th Cir.1994); cf. Tymshare v. Covell, 727 F.2d 1145, 153-54 (D.C.Cir.1984) ("We cannot imagine ... entertaining a claim that a demand for payment of a demand note has been made 'in bad faith.' "). The Virginia Commercial Code, see VA.CODE ANN. § 8.1-203, similarly cannot negate or modify the contract terms because "when parties to a contract create valid and binding rights, one party does not breach the UCC's obligation of good faith by exercising such rights." Mahoney v. NationsBank, N.A., 455 S.E.2d 5, 8 (Va.1995).
 
 
 3
 We reject appellants' other arguments as well. The value of the Manassas Tract was commercially reasonable because the foreclosure sale complied with applicable Virginia law. See BFP v. Resolution Trust Corp., 114 S.Ct. 1757, 1765 (1994). The claim under Article 9 of the Virginia Commercial Code fails because that title does not apply to leases. See VA.CODE ANN. § 8.9-102(1)(a) & 8.9-104(j). Finally, appellants have not established that the district court abused its discretion in denying their motion under FED.R.CIV.P. 59(e) to alter or amend the judgment for the purpose of amending their complaint. It is
 
 
 4
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 41(a)(1) (January 1, 1994). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.